IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RYAN ANTHONY LUCERO,

    Plaintiff,

vs.                                                                                                         No. CIV 24-0475 JB/KK

ALISHA TAFOYA, Director of
Department of Corrections,
NEW MEXICO PAROLE AND PROBATION,
FNU WILKEN, Warden of Guadalupe County
Correctional Facility,
and MICHELLE LUJAN GRISHAM, Governor
of New Mexico,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court following Plaintiff Ryan Lucero's failure to prosecute his Amended Prisoner Civil Rights Complaint, filed May 23, 2024, (Doc. 3)("Amended Complaint"). The Honorable Kirtan Khalsa, United States Magistrate Judge for the United States District Court for the District of New Mexico, recently directed Lucero to submit an inmate account statement, as 28 U.S.C. § 1915(a) requires. See Order to Cure Deficiencies, filed October 22, 2024 (Doc. 10)("Cure Order"). The Cure Order further directs Lucero to notify the Clerk's Office in writing of his current address. Because Lucero has not complied with the Cure Order, the Court dismisses this case without prejudice.

## BACKGROUND

Lucero commenced this case on May 15, 2024, while incarcerated at the Guadalupe County Correctional Facility in Santa Rosa, New Mexico. See Civil Rights Complaint, filed May 15, 2024 (Doc. 1)("Complaint"). On May 23, 2024, Lucero filed an Amended Prisoner Civil Rights

Complaint. See Amended Complaint at 1. Construed liberally, the Amended Complaint alleges violations of Lucero's Constitutional rights based on the conditions of his confinement and relating to his parole. See Amended Complaint at 3-5. Lucero filed a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915, filed May 23, 2024 (Doc. 4)("IFP Motion"), along with the Amended Complaint. See IFP Motion at 1. Lucero did not attach to the IFP Motion "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2). Section 1915(a)(2) requires the six-month account statement in all cases where, as here, "[a] prisoner seek[s] to bring a civil action without prepayment of fees of security therefor." 28 U.S.C. § 1915(a)(2).

The Court referred this matter to Magistrate Judge Khalsa for recommended findings and disposition, and to enter non-dispositive orders. See Order of Reference Relating to Prisoner Cases, filed May 16, 2024 (Doc. 2). By an Order entered October 22, 2024, Magistrate Judge Khalsa directs Lucero to submit an inmate account statement reflecting transactions for a six-month period. See Cure Order at 1. Magistrate Judge Khalsa further notes that several recent mailings to Lucero have been returned as undeliverable, so she directs Lucero to notify the Clerk's Office in writing of his current address. See Cure Order at 1. Magistrate Judge Khalsa set a deadline of November 21, 2024, for Lucero to submit the account statement and update his address. See Cure Order at 1. The Cure Order warns that the failure to comply timely may result in the dismissal of this action without further notice. See Cure Order at 1.

Lucero has not submitted the six-month account statement, shown cause for this failure, or otherwise responded to the Cure Order, which was returned with a notation: "No Longer at This Facility." Returned Mail Envelope, filed November 1, 2024 (Doc. 11). Lucero has severed

contact with the Court and has not advised the Clerk of his new address, as D.N.M. LR-Civ. 83.6 requires. D.N.M. LR-Civ. 83.6 provides: "All . . . parties appearing pro se have a continuing duty to notify the Clerk, in writing, of any change in their . . . mailing addresses." D.N.M. LR-Civ. 83.6. The Court, therefore, will consider whether to dismiss this case for failure to prosecute and comply with the Court's rules and the Cure Order.

## ANALYSIS

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with the [Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b). See AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc., 552 F.3d 1233, 1236 (10th Cir. 2009)("'A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules.'")(quoting Reed v. Bennett, 312 F.3d 1190, 1195 (10th Cir. 2002)). The United States Court of Appeals for the Tenth Circuit explains, "the need to prosecute one's claim (or face dismissal) is a fundamental precept of modern litigation." Rogers v. Andrus Transp. Services, 502 F.3d 1147, 1152 (10th Cir. 2007). "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court orders." Olsen v. Mapes, 333 F.3d 1199, 1204 n. 3 (10th Cir. 2003).

"Dismissals pursuant to Rule 41(b) may be made with or without prejudice." Davis v. Miller, 571 F.3d 1058, 1061 (10th Cir. 2009). If dismissal is made without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures." Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Center, 492 F.3d 1158, 1162 (10th Cir. 2016)("Nasious"). Because "[d]ismissing a case with prejudice,

however, is a significantly harsher remedy -- the death penalty of pleading punishments – [the Tenth Circuit has] held that, for a district court to exercise soundly its discretion in imposing such a result, it must first consider certain criteria."  Nasious, 492 F.3d at 1162.  Those criteria include: "the degree of actual prejudice to the defendant; the amount of interference with the judicial process; the culpability of the litigant; whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and the efficacy of lesser sanctions." Nasious, 492 F.3d at 1162.

Here, Lucero has not filed a six-month inmate account statement, as the Cure Order and 28 U.S.C. § 1915(a)(2) require.  He has also severed contact with the Court and has not provided an updated address, as D.N.M.LR-Civ. 83.6 requires.  In light of these failures, the Court will dismiss this case pursuant to rule 41(b) for failure to prosecute, and for failure to comply with rules and orders.  See Olsen v. Mapes, 333 F.3d 1199 at 1204.  After considering the Nasious factors, the dismissal is without prejudice.  The Court also denies Lucero's pending IFP Motion, which is now moot.

**IT IS ORDERED** that: (i) the Plaintiff's Amended Prisoner Civil Rights Complaint, filed May 23, 2024 (Doc. 3), is dismissed without prejudice; (ii) the Plaintiff's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915, filed May 23, 2024 (Doc. 4), is denied as moot; and (iii) the Court will enter a separate Final Judgment disposing of this civil case.

_____
UNITED STATES DISTRICT JUDGE

*Parties*:

Ryan Anthony Lucero
Santa Rosa, New Mexico

    *Plaintiff, pro se*